LORINDA BOIES ET AL. V. JAMES G. JOHNSON ET AL.

1. ACTION TO SET ASIDE FRAUDULENT CONVEYANCES ACCRUES AS AGAINST SURETIES AT TIME OF CONVEYANCE.

Where an insolvent guardian conveys his property to his wife and daughter without any valuable consideration and in fraud of creditors, the sureties on his bond become creditors within the meaning of Sec. 6344 Rev. Stat. at the time such fraudulent transfers are made, and their right to an action to have these conveyances set aside accrues at that time, although they have made no payments under their liability upon the bond and no right of action has accrued in their favor against the principal. The action of such sureties to have the fraudulent conveyances set aside is barred in four years after the making thereof, under Sec. 4982 Rev. Stat., if the fact of the making of the conveyances and of the consequent fraud was known to the sureties when such conveyances were made.

2. GUARDIAN'S CONVEYANCE WILL NOT BE SET ASIDE, WHEN.

Conveyances of real estate made by an insolvent guardian without valuable consideration will not be set aside at the suit of the sureties on his bond where he has retained sufficient property to amply provide for all his debts.

ERROR to the court of common pleas.

MARVIN, J.

Suit was brought in the court of common pleas by the plaintiffs in error against the defendants in error, the amended petition setting out, in substance, that on December 15, 1890, J. C. Boies was appointed by the

probate court of Medina county as guardian of Elmer E. Garman and Sylvia A. Garman, both minors; that he immediately qualified, and acted as such guardian up to the time of his death, which occurred on November 29, 1894; that the plaintiffs below (hereinafter spoken of as plaintiffs) were sureties upon the bond of said J. C. Boies as such guardian; that said guardian received of money belonging to his said wards some $3,800; that at his death he was indebted to his said wards in about that sum; that he died insolvent. Thereafter the said Lura M. Penney was duly appointed and qualified as executrix of his will; that said Elmer E. Garman is now of full age, and that Frank Heath is the duly appointed and qualified guardian of said Sylvia A. Garman; that at the April term, 1897, of the court of common pleas of Medina county, the said Elmer E. Garman, in his own right and Frank Heath as guardian of said Sylvia, recovered a judgment against the said Lura M. Penney as executrix as aforesaid and the said plaintiffs, on account of the money belonging to said wards which was in the hands of the said J. C. Boies at the time of his death, in the sum of $4,003.97, and for costs of suit $15.85; that on October 23, 1897, plaintiffs paid upon said judgment the sum of $1,363.60, and on January 17, 1898, the further sum of $793.50; that said judgment, except to the extent of such payments, is still in full force; that on June 5, 1893, while said guardian was indebted to his said wards in the sum of something more than $3,800, he conveyed to one Thomas A. McCoy certain real estate which he then owned, for the nominal consideration of $5,000, but in fact without any valuable consideration whatever; that on the same day the said J. C. Boies conveyed to said Lura M. Penney all the remainder of his property, both real and personal, of any value whatever, wholly without consideration and by way of gift to her the said Lura M. Penney; that on June 5, 1894, the said McCoy, at the instance and request of said J. C. Boies, and without any valuable consideration whatever, conveyed to the said Lorinda Boies the real estate which had been conveyed to him by the said J. C. Boies as aforesaid; that the said Lorinda Boies was the wife and is now the widow of the said J. C. Boies, and that the said Lura M. Penney is his daughter and only heir at law; that said conveyances and transfers of property were made by the said J. C. Boies with intent to hinder, delay and defraud the creditors of him the said J. C. Boies and to prevent said creditors from collecting their just claims from him. The prayer of the petition is that said conveyances of real estate to McCoy and from McCoy to Lorinda Boies be set aside and held for naught, and that the said executrix may be ordered to have the same appraised, advertised and sold as a part of the estate of the said J. C. Boies, deceased.

Boles et al. v. Johnson.

A supplemental petition was filed, setting out that the plaintiffs, since the beginning of the action, have paid the balance of the judgment against them and the said Lura M. Penney, as set out in the amended petition.

For answer to this the plaintiffs in error (hereinafter spoken of as the defendants) admit the conveyance from Boies to McCoy and from McCoy to Lorinda, as set out in the petition. They aver the fact to be that the only consideration for such conveyance was love and affection of the said J. C. Boies for the said Lorinda, and that the conveyance from McCoy to Lorinda was a part of the same transaction as the conveyance from J. C. Boies to McCoy; that it was all done for the purpose of transferring the title to this property from J. C. Boies to his said wife. They admit the guardianship as set out in the petition, but deny that the amount owing by Boies to his wards was as much as is averred in the petition, but say that in fact, at the time of the conveyance made by Boies to McCoy, he was indebted to his wards in only about the sum of $1,500. They aver that during all the time that said McCoy held the title to said real estate he held the same in trust for the said Lorinda. They further aver that the said J. C. Boies owed no other debts than said sum of about $1,500 which he owed to his said wards, and that he, after such conveyance, was still the owner of much more than sufficient property to pay his indebtedness, setting out what such property consisted of. The answer also contains the following clause: "And these defendants further say that the cause of action set forth in the petition herein, if any ever existed in favor of the plaintiffs, accrued more than four years before the filing of the petition herein and the commencement of this action," and they deny that any conveyances were made by Boies for the purpose of hindering, delaying or defrauding his creditors.

To this answer the plaintiffs filed a general demurrer. This demurrer was sustained, and the defendants, not desiring to plead further, the court proceeded to enter judgment upon the pleadings against the defendants, setting aside the conveyance from Boies to McCoy, and from McCoy to Lorinda. The present proceeding is brought to reverse this judgment of the court of common pleas.

The question, then, presented is, whether this demurrer should have been sustained. We are of opinion that it should not. We agree with counsel for the plaintiffs, that the indebtedness which they have paid by reason of their suretyship, upon the bond of Boies as guardian relates back to the date of such bond. There was an implied undertaking on the part of Boies at the time the bond was executed that those sureties should be indemnified against all loss on account of the signing of the

bond, hence they are entitled to be treated as creditors whose claim subsisted at the time the conveyances sought to be set aside were made. 24 Am. & Eng. Enc. Law 774, and the authorities there cited.

If, however, Boies, at the time of these conveyances, retained sufficient property to amply provide for all his debts, the plaintiffs would not be entitled to have the conveyances set aside. Crumbaugh v. Kugler, 2 Ohio St. 373, 374.

The averments of the answer seem to be sufficient to meet this requirement, whatever the facts might turn out to be upon the trial.

A more serious question raised by the answer is as to whether the action is barred by the statute of limitations.

Section 4982 Rev. Stat. provides that, an action for relief, on the ground of fraud, must be brought within four years after the cause of action accrued. "But the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

In the case of Combs v. Watson, 32 Ohio St. 228, this language is used in the syllabus:

"Where the petition in such action shows on its face that the conveyance was made more than four years before the action was brought, it must contain an averment that the fraud was not discovered until within that period, otherwise the defendant may demur to that petition, on the ground that it does not state facts sufficient to constitute a cause of action."

In *this* case there is no averment in any pleading that whatever fraud was perpetrated was not known to the plaintiffs at the time of the fraudulent acts complained of. The fraudulent acts complained of in this case began on June 5, 1893, when the conveyance was made by Boies to McCoy, and the last act by which the fraud (if there was a fraud) was completed was on June 1, 1894, when the deed was made from McCoy to Lorinda Boies. This action was begun in the court of common pleas on November 8, 1898. It would seem to follow that the action was barred by the statute.

It is urged, however, that since the action was brought within four years after the plaintiffs had a cause of action against Boies or his estate, on account of the money which they were required to pay, they are not barred by this statute. The contention seems to be based upon the proposition that no right of action on account of these conveyances could accrue until a right of action had accrued for the payment to them of the money which became due to them by reason of their payments of the liability of Boies upon the bond. We do not understand that the sureties upon a guardian's bond sustain any different relation to

the principal than the sureties upon an ordinary commercial obligation sustain to the principal upon such obligation. In the case of Combs v. Watson, *supra,* the facts, as appear on page 229 of the report, show that the conveyance made by Watson, who was the maker of a promissory note, was made before the maturity of the note, so that at the time such conveyance was made Combs, the payee of the note, had no right of action against Watson for the money which would be owing upon the note at its maturity, and yet, as already shown by the quotation from the *syllabus,* the court said that the statute of limitations began to run when the conveyance was made, and on page 233 of the opinion, this language is used:

"And since he (Combs) was a creditor of the alleged fraudulent grantor (Watson) at the date of the conveyance, it follows that his right to maintain such action existed from that time."

Section 6344 Rev. Stat., as it read when the acts complained of in this proceeding took place, provides that:

"All transfers, conveyances, or assignments made by a debtor or procured by him to be made with intent to hinder, delay, or defraud creditors, shall be declared void at the suit of any creditor," etc.

In Bump, Fraud. Convey. Sec. 503, this language is used:

"The character of the claim, if it is just and lawful, is immaterial. It need not be due, for although the holder cannot maintain an action until it is due, he nevertheless has an interest in the property as a fund out of which the demand ought to be paid. * * * A contingent claim is as fully protected as one that is absolute. * * * The statute embraces all pecuniary damages incurred by reason of the obligation of a contract, whether of an ascertained amount or only sounding in damages, and whether actually asserted or only demandable."

From the authorities cited, and others, we hold that, within the meaning of the statute, the plaintiffs were creditors of Boies at the time the fraudulent transfers (if they were fraudulent) were made. Being such creditors, their right of action to set aside the conveyances accrued at the time the conveyances were made, there being no averment that the fact of the making of the conveyances and of consequent fraud upon them was not known when such conveyances were made; that more than four years having elapsed since the making of such conveyances, the action is barred by the statute.

The judgment of the court of common pleas is therefore reversed, and the case remanded.